# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEE B. EVERETT,

    Petitioner,

        Case No. 1:06-cv-372

    -vs-

        District Judge Susan J. Dlott
        Chief Magistrate Judge Michael R. Merz

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Lee B. EVERETT brings this habeas corpus action under 28 U.S.C. § 2254 to seek relief from his conviction in the Warren County Common Pleas Court for aggravated robbery, assault, and failure to comply with the lawful order of a police officer. He pleads the following grounds for relief:

> **Ground One:** Ineffective assistance by trial counsel's failure to file a motion for discovery to obtain crucial evidence favorable to the defense which his client requested prior to trial, violating the 6th and 14th Amendments, USCA.
>
> **Ground Two:** Prosecutorial misconduct in failing to disclose and comply to [Ohio] Crim. R. 16 after receiving a request for discovery. Also, a reciprocal discovery violation, 14th Amendment of USCA.
>
> **Ground Three:** Prosecutorial misconduct in failing to disclose exculpatory physical evidence and numerous police documents which confirm inconsistent testimony by the state primary witness. 14th Amendment of USCA.
>
> **Ground Four:** Constitutional violation occurred when the state

>primary witness acts in bad faith to destroy or contaminate physical crime scene evidence and the Defendant was denied a fair trial by the absence of the evidence. 14th Amendment of USCA.
>
>**Ground Five:** Prosecutorial misconduct in that the prosecution knowingly presented fabricated evidence to obtain a wrongful conviction. 14th Amendment USCA.
>
>**Ground Six:** Prosecutorial misconduct in that the entire case was prejudiced by serious conflict of interest and vindictive prosecution which clearly denied the Defendant a fair trial and a verdict worthy of confidence in the integrity of the judicial system.
>
>**Ground Seven:** Petitioner received a sentence contrary to law according to Ohio Revised Code § 2929.14(B) which entitles a first time offender to the presumption that the minimum sentence is sufficient; the reasons stated by trial judge do not meet the standards required by the legislation. 14th Amendment USCA.

(Petition, Doc. No. 1, at 5-6.)

## Procedural History

The incident in suit occurred August 26, 2001. Petitioner was indicted by the Warren County Grand Jury on September 4, 2001, charged withe one count of aggravated robbery, one count of assault, and one county of failure to comply with the lawful order of a police officer. After trial, a jury returned guilty verdicts on all counts and the Petitioner was sentenced to a five-year aggregate term of imprisonment.

On appeal to the Twelfth District Court of Appeals, Petitioner raised the following assignments of error:

>1. The jury erred by finding Everitt guilty of aggravated robbery as those findings were not supported by sufficient evidence.

>   2. The jury erred by finding EVERETT guilty of aggravated robbery as those findings were contrary to law.
>
>   3. The jury erred by finding EVERETT guilty of assault as those findings were not supported by sufficient evidence.
>
>   4. The jury erred by finding EVERETT guilty of assault as those findings were not supported by sufficient evidence.
>
>   5. The jury erred by finding EVERETT guilty of failure to comply with order or signal of police officer as those findings were contrary to law.
>
>   6. The jury erred by finding EVERETT guilty of failure to comply with order or signal of police officer as those findings were contrary to law.
>
>   7. EVERETT was denied his rights of due process and of assistance of counsel.

(Exhibit 3 to Return of Writ, Doc. No. 4). The Court of Appeals affirmed the conviction and Petitioner appealed to the Ohio Supreme Court raising one proposition of law:

>   1. EVERETT was denied his rights of due process and of assistance of counsel. Trial counsel was ineffective by failing to object to move for a separation of witnesses, and demand a mistrial when crucial evidence favorable to the defendant was not provided until disclosed at trial.

(Exhibit 6 to Return of Writ, Doc. No. 4.) On September 24, 2003, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Exhibit 8 to Return of Writ).

On August 15, 2003, Petitioner filed an Application under Ohio R. App. P. 26(B) to reopen his direct appeal, asserting ineffective assistance of appellate counsel in six different respects. (Exhibit 9 to Return of Writ). The Twelfth District Court of Appeals denied the Application on the merits, finding that the arguments Petitioner asserted should have been made by his appellate

counsel were no more persuasive than those which had been made and some of the arguments had been made and rejected in the direct appeal. (Exhibit 10 to Return of Writ.) Petitioner appealed to the Ohio Supreme Court which declined to exercise jurisdiction on March 3, 2004 (Exhibits 11 and 12, Return of Writ).

On November 7, 2002, Petitioner filed what he called a Motion to Preserve and Catalog All Physical Evidence. That Motion was overruled by the Common Pleas Court on September 16, 2003 (Entry, Ex. 13 to Return of Writ). Petitioner appealed, but the Twelfth District dismissed the appeal as taken from a non-appealable order (Exhibit 16 to Return of Writ).

On June 15, 2004, Petitioner filed a Motion for New Trial in the Common Pleas Court which Judge Bronson denied (Exhibits 18, 19 to Return of Writ). Petitioner appealed that decision to the Twelfth District raising the following assignments of error:

> 1. The trial judge abused his discretion by not following the structural procedure of Crim. R. 33(B), by the ambiguous ruling not supported by law and by misinterpreting the facts.
>
> 2. The trial judge abused his discretion by misinterpreting the facts of impeachable evidence and the prosecutorial misconduct by the State's failure to disclose impeachment evidence. Brady and Crim. R. 16(B)(D) violations.
>
> 3. The trial judge abused his discretion stating relevant credibility issues found in public record are inadmissible. Prosecutorial misconduct for failure to furnish criminal records of all witnesses as described in Crim. R. 16.
>
> 4. Trial judge abused his discretion avoiding the issues pro prosecutorial misconduct and ineffective assistance of counsel in the procedural violation of discovery and prosecutorial misconduct falsifying information to the 12th District Court of Appeals.
>
> 5. The defendant's proffers that the entire case was prejudiced by serious potential of conflict of interest which clearly denied the defendant of a fair trial and a verdict worthy of confidence in the

      integrity of the court.

(Exhibit 20 to Return of Writ.) The Twelfth District affirmed the denial of new trial on September 12, 2005 (Exhibit 24 to Return of Writ) and Petitioner appealed to the Ohio Supreme Court which, on January 25, 2006, dismissed the appeal for lack of a substantial constitutional question (Exhibit 26).

      On November 8, 2004, Petitioner filed a motion for production of the grand jury testimony of Christopher Brock; on November 24, 2004, he filed a motion to correct his sentence. Both motions were denied and he appealed to the Twelfth District, which affirmed, and to the Ohio Supreme Court, which on February 8, 2006, dismissed for lack of a substantial constitutional question. The instant Petition for Writ of Habeas Corpus followed on June 16, 2006 (Doc. No. 1).

## Analysis

### Statute of Limitations

      Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a petition for writ of habeas corpus under 28 U.S.C. §2254 must be filed within one year of the time a conviction becomes final on direct appeal unless it is tolled by the proper filing of one or more collateral attacks on the judgment. Because the Petition was filed more than two years after the conviction became final, it might facially appear to be time-barred. However, here the State concedes that the Petition is timely filed based on the tolling provision. Because the statute of limitations is an affirmative defense and is not being raised here by the State,

the Court need not engage in any independent analysis of the timeliness of the Petition.  See *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006).

### Grounds Two, Three, Five, Six:  Procedural Default

Respondent asserts that the second, third, fifth, and sixth, grounds for relief are barred by the Petitioner's procedural default in presenting them to the state courts.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986);  *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822,

9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that

    he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d*,* at 138.

  In his Reply (Doc. No. 5), Petitioner does not claim that these grounds for relief were presented on his direct appeal and does not argue cause and prejudice separately as to these grounds for relief. Instead, he argues, apparently as to Grounds for Relief Two, Three, Five, and Six, that he diligently presented these grounds for relief to the state courts as soon as he was able to obtain the evidence. While he is not altogether clear about that, the Court presumes he is referring to his Motion for New Trial. Since he does not separately argue cause and prejudice in his Reply, the Court looks to his Motion for New Trial for his arguments. In that document, he claims:

> The documents newly discovered in this case attack the conviction on the basis of constitutional challenges that were not presented to the trial court. The constitutional challenges alleged from these documents are prosecutorial misconduct, ineffective assistance, and multiple conflicts of interest.

In denying the Motion for New Trial, Judge Bronson found that the motion was procedurally improper and denied it on that basis. In the alternative, he concluded that the documents attached to it did not establish a case for a new trial. Some of the documents were in fact discovered prior to trial.[1] Judge Bronson notes that the matter of the "bloody shirt" is *res judicata* because it had been dealt with on direct appeal. He notes that Judge Powell's opinion on direct appeal found no violation of *Brady v. Maryland.* He notes that some of the documents (which Petitioner presumably

---

[1] Petitioner seems to believe that discovery documents exchanged between his counsel and the prosecutor prior to trial which are not docketed were somehow suppressed. However, it is common practice in Ohio for such discovery to be exchanged without demands and responses being filed and docketed.

obtained by public records request under Ohio Revised Code § 149.43) would not have been discoverable. He finds there is no factual basis to the claim of conflict of interest in that Officer Brock was never, despite Petitioner's allegations, an employee of the Common Pleas Court.

In affirming denial of the new trial motion, the Court of Appeals did not dispute Petitioner's claim that the evidence was newly discovered or that it could not have been discovered with due diligence at the time of trial. Instead, it held that there was not a strong probability that the result of the trial would have been different if the evidence had been available at the time of trial.

The State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 683, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985).

In effect, instead of deciding the Motion for New Trial on procedural grounds as Judge Bronson had, the Twelfth District decided that even if any of the evidence was *Brady* material not disclosed by the prosecution, its cumulative effect would not likely have affected the outcome of the trial. This is equivalent to making a lack of prejudice finding under *Brady*.

When a state court decides a constitutional question in a criminal case, a habeas corpus court considering the same question can grant relief only if the state court's determination is an objectively unreasonable application of clearly established law as decided by the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Bell*

*v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002); *Brown v. Payton,* 544 U.S. 133, 134 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005). The state court discussion of the federal claim need not be extensive or even explicit. A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. §2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. "'Adjudicated on the merits' has a well-settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman*, 261 F.3d 303 (2nd Cir. 2001). Under the Supremacy Clause, state courts are obligated to apply and adjudicate federal claims fairly presented to them. *Sellan, citing Testa v. Katt,* 330 U.S. 386, 67 S. Ct. 810, 91 L. Ed. 967 (1947).

The state courts' decision on Petitioner's *Brady* claims is clearly not an objectively unreasonable application of *Brady.* Certain of the material relied on by Petitioner is not *Brady* material at all, for example, defense counsel's response to the ethics grievance which Petitioner apparently caused to be filed against him or Officer Brock's performance appraisal. Determination of the *Brady* status of the bloody shirt had already been made on direct appeal and was appropriately treated as barred by Ohio's criminal *res judicata* doctrine. *State v. Perry,* 10 Ohio St.2d 175 , 226 N.E. 2d 104 (1967). The balance of the material might have been used in cross-examination of Officer Brock at trial, but is unlikely to have changed the outcome. As the Court of Appeals noted, there were essentially two witnesses to all of the events involved in the incident, Officer Brock and the Petitioner. The jury obviously believed critical portions of Officer Brock's testimony on which there were no documents even arguably containing inconsistent prior statements. Officer Brock was thoroughly cross-examined at trial and still believed by the jury. The tendered documents which

arguably constitute *Brady* material would not likely have changed that or, at the very least, the Court of Appeals' decision to that effect was not an objectively unreasonable application of *Brady*.

It is therefore respectfully recommended that the Court not dispose of the Second, Third, Fifth, and Sixth Grounds for Relief on procedural default grounds but rather decide that they are without merit.

**Ground Seven**

In his Seventh Ground for Relief, Petitioner asserts that he was improperly sentenced under Ohio Revised Code § 2929.14(B) which entitles an Ohio criminal defendant to a presumption that the minimum sentence prescribed by law is sufficient to meet the needs of criminal sentencing in the absence of appropriate findings by the trial judge.

Petitioner raised this claim for the first time in his Motion to Correct Sentence. In refusing to reach the merits of this claim, the Twelfth District Court of Appeals enforced against Mr. EVERETT the Ohio criminal *res judicata* doctrine, noting that this issue could have been raised on direct appeal but was not. Respondent asserts that this claim is therefore procedurally defaulted and Petitioner makes no response in his Reply.

The mode of analysis for a procedural default defense is set out at length from *Maupin v. Smith, supra.* Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is an adequate and independent state ground. *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001);

*Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981).

Thus, assuming that the Seventh Ground for Relief states a federal constitutional claim, it is barred by Petitioner's procedural default in presenting it to the Ohio courts.

### Ground One: Ineffective Assistance of Trial Counsel

In his First Ground for Relief, Petitioner asserts his trial counsel provided ineffective assistance of counsel, essentially because he did not vigorously enough pursue discovery in the trial court. If he had done so, Petitioner alleges he would have uncovered the assertedly crucial *Brady* material which the prosecutor is alleged to have suppressed.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

An attorney undoubtedly has a duty to consult with the client regarding "important decisions," including questions of overarching defense strategy. *Florida v. Nixon*, 543 U.S. 175, 125 S. Ct. 551; 160 L. Ed. 2d 565 (2004), citing *Strickland*, 466 U.S., at 688. That obligation does not require counsel to obtain defendant's consent to every tactical decision. *Id. citing Taylor v. Illinois*, 484 U.S. 400, 417-418 (1988), holding that an attorney has authority to manage most aspects of the defense without obtaining his client's approval. Certain decisions regarding the

exercise or waiver of basic trial rights cannot be made by the attorney. These include whether to plead guilty, waive a jury, testify in his or her own defense, or take an appeal. *Id. citing Jones v. Barnes,* 463 U.S. 745, 751 (1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n.1 (1977)(Burger, C.J., concurring).

Counsel's tactical decisions are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Indeed, strategic choices by defense counsel are "virtually unchallengeable." *Buell v. Mitchell,* 274 F. 3rd at 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F. 2nd 322, 328 (6th Cir. 1984).

Respondent asserts that the Twelfth District Court of Appeals decided this claim on the merits and that its decision is entitled to deference under *Terry Williams v. Taylor, supra.* In deciding the claim of ineffective assistance of counsel made on direct appeal and the claim regarding the bloody shirt, the Twelfth District Court of Appeals held:

> The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Strickland v. Washington (1984), 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674. A fair trial is one in which "evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id., 466 U.S. at 685, 104 S. Ct. at 2063. The benchmark for judging any claim of ineffectiveness must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686, 104 S. Ct. at 2064.
>
> To establish that defense counsel's conduct so undermined the functioning of the adversarial process, a defendant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense." Id., 466 U.S. at 687, 104 S. Ct. at 2063. Counsel's performance is deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687, 104 S. Ct. at 2064; see, also, State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; State v. Peeples (1994), 94 Ohio App. 3d

-14-

34, 44, 640 N.E.2d 208. To prove that defense counsel's deficient performance prejudiced the defense, a defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S. Ct. at 2063.

When addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. See State v. Rutter, Hocking App. No. 02CA17, 2003 Ohio 373 at P24 citing, State v. Phillips, 74 Ohio St.3d 72, 85, 1995 Ohio 171, 656 N.E.2d 643. As the Strickland Court stated, a reviewing court: "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id., 466 U.S. at 689, 104 S. Ct. at 2065; see, also, State v. Sallie, 81 Ohio St. 3d 673, 674, 1998 Ohio 343, 1998 Ohio 343, 693 N.E.2d 267; State v. Carter, 72 Ohio St.3d 545, 558, 1995 Ohio 104, 651 N.E.2d 965.

Appellant argues that Officer Brock and Kolthoff both testified that appellant's shirt came off in the struggle before Officer Brock began striking appellant with his ASP baton. Appellant maintains if this "was true then there should be little or no blood on the shirt." Yet, Officer Mark Allen testified to recovering a shirt "covered in blood" from the scene. Appellant argues that "had the shirt been made available through discovery it could have been submitted for testing for traces of blood and mace that would have supported [appellant's] version of the events of that night." Appellant contends that the result of the trial would have been different had the evidence been disclosed. Furthermore, appellant argues his counsel's failure to ask for a mistrial based upon a Brady violation is "per se ineffectiveness."

Under Brady v. Maryland (1963), 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215, a defendant's due process is violated if the state fails to disclose evidence favorable to the defendant that is material to guilt or innocence. When reviewing whether a failure to disclose evidence prior to trial constitutes a Brady violation, a court must consider whether the evidence was suppressed by the prosecution after a request by the defense, whether the evidence was favorable to the defense, and how material it was to guilt or innocence. State v. Spikes (1981), 67 Ohio St.2d 405, 414, 423 N.E.2d 1122, citing Moore v. Illinois (1972), 408 U.S. 786, 795, 33 L. Ed. 2d 706, 92 S. Ct. 2562. Favorable evidence is material "if there is a reasonable

> probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley (1995), 514 U.S. 419, 433, 115 S. Ct. 1555, 131 L. Ed. 2d 490, quoting United States v. Bagley (1985), 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481.
>
> The prosecution did not suppress the evidence. Appellant was aware that he wore a shirt at the time of the altercation, he realized that the shirt came off during the struggle, and he knew that he was bleeding during the struggle. Thus, appellant was fully aware, before trial, that the bloody shirt existed. Furthermore, the evidence was not favorable to the defense. Appellant, Officer Brock and Kolthoff all testified that appellant was wearing a shirt, that it was removed during the altercation and that Officer Brock struck appellant with his ASP baton. The shirt is also not material to guilt or innocence. There is no dispute that appellant was bleeding as a result of the altercation. Therefore, there is no reasonable probability that the result of the proceeding would have been different had appellant tested the shirt for blood before trial.
>
> Appellant's exculpatory theory about the shirt is highly speculative and reversal is not required on this basis. The prosecution never suppressed the shirt and it is not evidence material to guilt or innocence; thus no Brady violation existed. Consequently, appellant was not prejudiced because his counsel failed to move for a mistrial based upon a non-existent Brady violation. Therefore, appellant's counsel's conduct did not undermine the proper functioning of the adversarial process so that the trial cannot be relied on as having produced a just result.

(Opinion, Exhibit 5 to Return of Writ, Doc. No. 4, at 16-20.)

From examining this portion of the opinion, it does not appear that the ineffective assistance claim presented on direct appeal is the same as the claim presented in the habeas Petition. That is, in the direct appeal and later on appeal to the Ohio Supreme Court, Petitioner argued ineffective assistance in failure to move for a mistrial over the bloody shirt and failure to move for a separation of witnesses. In the Petition, the claim is ineffective assistance by failure to obtain crucial evidence prior to trial.

To the extent the habeas ineffectiveness claim relates to the bloody shirt, the Twelfth District's analysis is persuasive: regardless of the reason the bloody shirt was not obtained for trial, its materiality is very marginal at best. All the witnesses testified Petitioner was bleeding from being struck with the baton; the bloody shirt would have been at best corroboration of that testimony which in fact came from witnesses on both sides.

To the extent that Petitioner is referring in the Petition to other assertedly crucial evidence, again the Twelfth District's analysis on appeal from denial of a new trial is persuasive: taken together, the newly-discovered evidence is unlikely to have changed the result of the trial. Because a criminal defendant cannot prove ineffective assistance of counsel without showing prejudice, the lack of prejudice reasonably found by the Court of Appeals is decisive on the First Ground for Relief, which should be denied on the merits.

**Fourth Ground for Relief**

In his Fourth Ground for Relief, Petitioner argues that Officer Brock destroyed or contaminated crime scene evidence. The acts of which Petitioner complains are apparently Officer Brock's cleaning Petitioner's blood off of his uniform and equipment (See Memorandum in Support of Petition at 13-14.) Respondent reads the Fourth Ground for Relief as raising again the bloody shirt issue, but that is a misreading of the claim.

In fact, it appears this claim was never raised in the state courts; at least Petitioner gives no reference to its having been raised before. The claim is not unexhausted, as there is no forum in which Petitioner could now raised it in the state courts, the time for filing a post-conviction petition

-17-

under Ohio Revised Code § 2953.21 having long since expired.

Since Petitioner has never presented this claim to the state courts, it is procedurally defaulted and should be denied on that basis.

## Conclusion

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice.

October 15, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Everitt v. Warden R&R.wpd